IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ALLSTATE INSURANCE COMPANY,      )
an Illinois corporation,         )
                                 )
                Plaintiff,       )        Civil Case No. 01-1686-KI
                                 )
        vs.                      )        OPINION AND ORDER
                                 )
RALPH B. BREEDEN,                )
                                 )
                Defendant.       )
                                 )
_____  )

        Andrew C. Lauersdorf
        Beth Cupani
        Bullivant Houser Bailey PC
        300 Pioneer Tower
        888 SW Fifth Avenue
        Portland, Oregon  97204-2089

                Attorneys for Plaintiff

        William Dickas
        Kell, Alterman & Runstein, LLP
        520 SW Yamhill, Suite 600
        Portland, Oregon  97204

                Attorney for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Allstate Insurance Company ("Allstate") prevailed in a jury trial against its insured, Ralph Breeden, in this insurance coverage action. Before the court is Defendant's Motion for Judgment as a Matter of Law, to Amend the Judgment, and for a New Trial (#332) and Allstate's Amended Bill of Costs (#347).

## LEGAL STANDARDS

A motion for judgment as a matter of law must be denied, and a jury's verdict must be upheld, if the verdict is supported by substantial evidence. Wallace v. City of San Diego, 479 F.3d 616, 624 (9th Cir. 2007). "Substantial evidence is evidence adequate to support the jury's conclusion, even if it is possible to draw a contrary conclusion from the same evidence." Id. The court must review the record as a whole but disregard all evidence favorable to the moving party that the jury is not required to believe. All reasonable inferences must be drawn in favor of the nonmoving party. Moreover, the court may not substitute its view of the evidence for the jury's, may not make credibility determinations, and may not weigh the evidence. Id.; Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir.), cert. denied, 534 U.S. 1035 (2001).

Even if a verdict is supported by substantial evidence, the court may grant a motion for a new trial if it concludes that the verdict is contrary to the clear weight of the evidence, is based on evidence which is false, or to prevent a miscarriage of justice. Silver Sage Partners v. City of Desert Hot Springs, 251 F.3d 814, 819 (9th Cir. 2001). The court may weigh the evidence, may evaluate the credibility of the witnesses, and is not required to view the evidence from the perspective most favorable to the prevailing party. United States v. Kellington, 217 F.3d 1084, 1095 (9th Cir. 2000).

**DISCUSSION**

I.       Defendant's Motion to Amend the Judgment or for a New Trial

Breeden raises several issues in seeking judgment as a matter of law or a new trial.  Some

of the grounds are strictly legal issues concerning earlier rulings by the court.

On December 17, 2007, one of the earlier judges presiding over this action ruled that the

personal property of Breeden's girlfriend, who resided in Breeden's house with her children, was

not covered by the policy because she was a resident of the home and not a guest.  In the same

opinion, the judge also granted summary judgment dismissing Breeden's counterclaim for

damages for emotional distress within his breach of contract theory, his counterclaim for

negligent or intentional bad faith administration of the policy, and his counterclaim for the

intentional or reckless infliction of emotional distress.  I reviewed the prior opinion on these

issues and find no errors.  Thus, I deny Breeden's motion on these points.

Breeden also argues that I erred by ruling that dwelling coverage and contents coverage

are not separable under Oregon law.

Breeden relies on two cases.  The first case is Oatman v. Banker's Fire Relief Ass'n, 66

Or. 388, 133 P. 1183 (1913), in which the "entire policy" of insurance was void if the insured did

not own a fee simple interest in the ground.  The court concluded that the $1,600 policy for the

real property was void but severed the $400 part of the policy on the contents and concluded,

without any analysis, that the contents part of the policy was valid.  The second case is Walker v.

Fireman's Fund Ins. Co., 114 Or. 545, 234 P. 542 (1925), which concerned insurance for cars in

a commercial garage.  The policy included a separate "covering note" for each car and a basic

"entire policy" which was void if there was fraud.  The policy was an "open policy" which added

or subtracted cars as the situation changed.  The misrepresentation concerned the age of some of

Page 3 - OPINION AND ORDER

the cars but was added to the covering notes by the insurer's agent during his inspections of the

garage.  As part of the analysis, the court reasoned that each covering note was a new contract so

policies on cars could be voided on individual cars rather than the entire garage.

I am not convinced by Breeden's argument.  Neither case holds that the policy will be

severed, even if there is fraud.  I deny his motion on this issue.

Breeden argues that Allstate did not sufficiently prove that it relied on any

misrepresentations by Breeden because the adjusters suspected that the inventory of contents was

not accurate and the advances were to prevent undue hardship.  The jury found the policy void,

however, so Allstate was not obligated to make any advances, even for undue hardship.  Thus, it

relied on Breeden's statements.

I also reviewed Breeden's arguments that I should not have allowed the filing of the Third

Amended Complaint; that the Third Amended Complaint does not plead the allegations of fraud

with particularity; that the pretrial order, which was never provided to the jury, was prejudicial

concerning Breeden's financial condition; that I improperly bifurcated the trial; and that evidence

concerning Breeden's failure to file tax returns was prejudicial.  None of the arguments are

persuasive.  Thus, I deny Breeden's motions on these grounds.

II.    Bill of Costs

Allstate seeks $11,995.06 in costs.  Breeden objects to any award of costs and,

alternatively, objects to some of the specific costs.

Federal Rule of Civil Procedure 54(d)(l) provides, in part:  "Unless a federal statute, these

rules, or a court order provides otherwise, costs–other than attorney's fees– should be allowed to

the prevailing party."  This rule is not read "as giving district judges unrestrained discretion to

tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct

Page 4 - OPINION AND ORDER

of his case." Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964).  Expenses which may be

taxed as costs against a losing party are enumerated in 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the
> following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily
> obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any
> materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of
> interpreters, and salaries, fees, expenses, and costs of special interpretation
> services under section 1828 of this title.

However, the discretion to grant costs does not include the authority to tax costs beyond

those authorized by statute or contract.  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437,

445 (1987).  Thus, the discretion granted under Rule 54(d) allows a court to decline to tax costs,

but does not authorize a court to award excess costs in the absence of a "specific congressional

command."  Id. at 442.

Based on his diminutive financial resources compared to Allstate, Breeden asks that I

award no costs at all.  Allstate objects, noting that refusing to award costs is most commonly

done when a civil rights plaintiff loses.

Rule 54 creates a presumption in favor of awarding costs to a prevailing party, but also

gives the district court discretion to refuse to do so.  Berkla v. Corel Corp., 302 F.3d 909, 921

(9th Cir. 2002).  Some factors considered by courts when refusing to award costs include the

plaintiff's indigency, the possibility of chilling future civil rights litigants, the importance and complexity of the case, whether the unsuccessful claims had any merit, and the economic disparity between the parties. Stanley v. University of Southern California, 178 F.3d 1069, 1079 (9th Cir.), cert. denied, 528 U.S. 1022 (1999); Assoc. of Mexican-American v. State of California, 231 F.3d 572, 592-93 (9th Cir. 2000).

Based on these factors, I believe that some costs should be awarded to Allstate but I will keep Breeden's financial circumstances in mind when I consider the amounts sought by Allstate.

Breeden does not object to the fees of the Clerk of Court. I award the $150.00 fee.

Breeden objects to the service and witness fees for people who did not testify at trial. Allstate argues that it reduced its witness list based on the testimony that came in during the trial. I accept Breeden's objection and reduce the costs accordingly. The witness fees sought, $1,185.42, are all for witnesses who testified at trial. I award the full amount. Of the $826.13 sought for service fees, $526.13 was for witnesses who testified at trial. I award the lower amount.

Allstate seeks $8,003.31 in fees for transcripts. Breeden objects to the daily transcripts and further objects that there is an inadequate showing of which deposition transcripts were necessary for trial. I allow the entire $4,427.61 for deposition transcripts because the witnesses all testified at trial. Their transcripts were necessary for possible impeachment purposes.

Allstate argues that it is not seeking costs for full daily transcripts but only for the testimony of Ann Lewis and Ralph Breeden. Allstate claims that it needed a daily transcript for Breeden, because he had changed his story in the past, and for Lewis, because there was a concern about a possible mistrial issue. I note the invoices also include transcripts of Breeden's opening statement, the pretrial conference, and another pretrial telephone conference. Although I

Page 6 - OPINION AND ORDER

do not doubt that all of these transcripts were a convenience for counsel, I conclude that they were not necessary for trial and do not award the cost.

Allstate is not seeking its full copy costs of over $6,000. Instead, it seeks $1,760.20 in copy fees for copies made after February 8, 2009 to prepare for trial. Breeden objects that there is no showing that the copies sought were necessary for trial. Allstate's trial counsel stated in a declaration that the copies were of pleadings, transcripts, photographs, and other demonstrative evidence incident to preparing the final pretrial order and pretrial submissions, and for use in presenting arguments and evidence to the court, including copies for opposing counsel, the court, and the jury. The total is only broken down into $1,163.20 for black and white copies and $597.00 for color copies. There is no indication of the per page copy charge or the number of copies.

I agree with Breeden that this explanation is insufficient for me to determine if the copies were necessary. I do not know how many copies were made or how those copies were distributed between exhibits or other categories. Clearly, some copies were required. I will award $1,000 in copy costs.

Allstate seeks $704.00 for trial testimony transcripts of Eric Rasmussen, David Boatman, and Gary Blodgett. Allstate used the transcripts to respond to Breeden's arguments concerning reliance which he made in his motion for judgment as a matter or law or for a new trial. The court's memory of the testimony was strong enough that general arguments could have been made without obtaining the transcripts. Thus, I disallow the cost.

///

///

Page 7 - OPINION AND ORDER

**CONCLUSION**

Defendant's Motion for Judgment as a Matter of Law, to Amend the Judgment, and for a

New Trial (#332) is denied.  Allstate's Amended Bill of Costs (#347) is granted in part.  Costs

are awarded in the amount of $7,289.16.

IT IS SO ORDERED.

Dated this _____1st_____ day of June, 2009.


　　　　　　　　　　　　　　　 _____/s/ Garr M. King_____
　　　　　　　　　　　　　　　 Garr M. King
　　　　　　　　　　　　　　　 United States District Judge